IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 1:15-cr-32-1 (RDA) |
| ) | |
| LAWRENCE WAYNE REESE, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Lawrence Wayne Reese's *pro se* Motion to Reduce Sentence, pursuant to recent amendments to the Sentencing Guidelines under Part A of Amendment 821. Dkt. 287. Having considering Defendant's Motion, this Court DENIES the Motion for the reasons that follow.

### I. BACKGROUND

In late 2012, Defendant solicited his son to arrange a meeting between him and an individual, H.T., who was his son's friend and former classmate. Dkt. 99 ¶ 15. During the meeting, Defendant expressed his desire to burn down his own business to collect the insurance money and offered H.T. $30,000 to help him carry out the scheme, which H.T. later accepted. *Id.*

On February 6, 2013, an explosion occurred at Defendant's business, the Sub Shop, and H.T. was seen staggering away from the scene. *Id.* ¶¶ 11-12. Defendant was injured in the explosion and resulting fire. *Id.* Following the arson, Defendant filed a fraudulent insurance claim. *Id.* ¶ 19. Ultimately, Defendant's insurance company paid Defendant $34,000 as a result of his fraudulent claim, and Defendant provided H.T. with $5,000 as payment for his participation in the offense. *Id.*

On February 12, 2015, Defendant was indicted in the Eastern District of Virginia on nine counts: (1) conspiracy to commit arson in violation of 18 U.S.C. § 844(n); (2) arson in violation of 18 U.S.C. § 844(i); (3) arson to commit mail fraud in violation of 18 U.S.C. § 844(h); (4) arson to commit wire fraud in violation of 18 U.S.C. § 844(h); (5-8) mail fraud in violation of 18 U.S.C. § 1341; and (9) wire fraud in violation of 18 U.S.C. § 1343. Dkt. 1. After a four-day jury trial, Defendant was found guilty on all nine counts. Dkt. 64. On September 25, 2015, former U.S. District Judge Liam O'Grady sentenced Defendant to a term of 180 months' imprisonment followed by 5 years of supervised release. Dkt. 144 at 3-4.

On September 16, 2016, the Fourth Circuit affirmed Defendant's convictions. *See United States v. Reese*, 659 F. App'x 741 (4th Cir. Sept. 12, 2016). Since his incarceration, Defendant has filed numerous motions to vacate, reduce his sentence, or otherwise allow for compassionate release.[1] To date, all such motions have been denied.

On May 28, 2024, Defendant filed the instant Motion to Reduce Sentence under Amendment 821. Dkt. 287. On June 4, 2024, the Probation Office filed an 821 Amendment Memorandum. Dkt. 288.

## III. ANALYSIS

Defendant seeks a sentence reduction pursuant to Amendment 821 of the Sentencing Guidelines. Dkt. 287. The Amendment limits the overall criminal history impact of status points and creates a new two-level decrease from the offense level for certain zero-point offenders. However, Defendant is not eligible for an adjustment pursuant to Amendment 821, because there are no changes to his criminal history guideline calculations.

---

[1] *See, e.g.*, Dkts, 180, 181, 182, 183, 212, 216, 218, 220, 235, 241, 246.

At sentencing, Defendant was assessed a total of 4 cirminal history points, with a criminal history category III. He was not assessed an status points for being under a criminal justice sentence. Therefore, Defendant does not qualify for a reduction of status points, and there are no changes to be made to his guideline calculations. Defendant's total offense level remains 28, criminal history category remains III, and guideline imprisonment range remains 97 to 121 months as to Counts 1, 2, and 5 through 9, plus 120 months consecutive as to Counts 3 and 4. In sum, Defendant is not entitled to a reduction in sentence on these grounds.

Accordingly, Defendant's Motion, Dkt. 287, premised on Amendment 821 will be denied.

## IV. CONCLUSION

Defendant is ineligible for a reduction in sentence pursuant to Amendment 821.

Accordingly, it is hereby **ORDERED** that Defendant's Motion (Dkt. 287) is **DENIED**.

The Clerk is directed to forward copies of this Order to Defendant, all counsel of record, the U.S. Marshals Service, the Federal Bureau of Prisons, and the U.S. Probation Office.

It is SO ORDERED.

Alexandria, Virginia
May  7 , 2025

/s/
Rossie D. Alston, Jr.
United States District Judge